IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01470-GPG

LESTER L. WASHINGTON, Bth, MA, M. ED., ABD,

      Plaintiff,

v.

COLORADO STATE UNIVERSITY, Fort Collins (CSUFC),
COLORADO STATE UNIVERSITY BOARD OF GOVERNORS/SYSTEM (CSU BOG),
DR. ANTHONY FRANK, CSU President,
JOSHUA ZUGISH, CSU Administrator,
DR. GEORGE KAMBERELIS, Director of the CSUFC School of Education,
DR. DAN ROBINSON, Past Director of the CSUFC School of Education,
MARLENE STRATHE, Interim Director School of Education, Spring 2014,
DR. LINDA KUK, Professor in the CSUFC SOE,
MS. KELLI CLARK, Director of Graduate Programs Office,
CSU SCHOOL OF EDUCATION GRADUATE PROGRAMS OFFICE (CSU DOE GP),
DR. JODIE HANZLIK, Director of CSU Graduate School,
CSUFC DIVERSITY OFFICE OF EQUAL OPPORTUNITY, CSU DOEO),
MARY ONTIVEROS, CSUFC DOEO Office Director,
DIANA PRIET, Director of HR and OEO,
CSUFC HUMAN RESOURCES DEPARTMENT (CSU HRS),
MS. ROSE KRESTON, Director of Resources for Disabled Students (RDS), and
THE DEPARTMENT OF RESOURCES FOR DISABLED STUDENTS (RDS)

      Defendants.

---

ORDER OF DISMISSAL AND
IMPOSITION OF FILING RESTRICTIONS

---

Plaintiff Lester L. Washington initiated this action on July 13, 2015, by filing a

Title VII Complaint and an Application to Proceed in District Court Without Prepaying

Fees or Costs.  The Application was granted.  Magistrate Judge Gordon P. Gallagher

then ordered Plaintiff to respond and show cause why this Court should not enjoin him

from filing any action in this Court, in which he is a proponent of a claim, without

representation of an attorney licensed to practice law in the State of Colorado, unless

he first obtains leave of Court by a judicial officer to proceed *pro se* in that action.

Plaintiff was directed to file only a Response to the Order to Show Cause and was told that if he filed other pleadings or motions they would be stricken.

On July 24, 2015, Plaintiff filed a twenty-seven page pleading titled, "First Amended Title VII Complaint and Jury Demand (Approved MS Word Title VII Complaint form-USDC of CO Website)[1 36 pages, 28 defendants]."  Plaintiff also filed an "Emergency Motion to Stay the Case for 60-90 Days," ECF No. 7, on July 24.  Then on August 13, 2015, Plaintiff filed three separate pleadings titled: "Emergency Motion (1) for a 21, 30, or Preferably 60 Day Extension to Amend the Response and Corrects [sic] it, to Locate and [sic] Attorney and to File the Attached Amended Petition in This Case #15-cv-01470-GPG by September 3, 2015 or October 2, 2015 Motion (2) to Delay all Court Orders, Decisions, and Demands Until After This Date for the Plaintiff to Have a Fair, Unobstructed, and Just Redress of this Case and the Demand for all Warranted and Valid Reliefs Under the USSC Protocols and all US/American Laws," ECF No. 8; "Response to Order to Show Cause and Factual Reasons," ECF No. 9, (Sixty-Three Pages); and "Petition Requesting Leave to File Pro Se Re the Response to Order to Show Cause and Facts Re Why the Plaintiff Should not be Prevented from Filing Civil Action in the Court Unless Represented by a Licensed Attorney in Violation of USSC, USCA, and Pereceived [sic] Attack Upon the Plaintiff [1]," ECF No. 10 (Forty-Nine Pages).

First, the Amended Complaint submitted on July 24, 2015, is improperly filed.  In the July 14 Order, Magistrate Judge Gallagher instructed Plaintiff that the only proper filing at this time is a response to the Order to Show Cause.  Plaintiff was further instructed that any other pleadings or motions would be stricken.  Even if the Court were to consider the Amended Complaint, it, like the original Complaint, fails to comply with

2

Fed. R. Civ. P. 8.  The pleading is repetitive and prolix, does not include a clear and concise statement of each asserted claim, and combines conclusory factual allegations with a variety of legal theories that are difficult to decipher and in part incomprehensible.  The Amended Complaint is one more example that Plaintiff is not capable of proceeding *pro se* in litigation in this Court.  The Motion for Stay also is improperly filed and is subject to being stricken.  Nonetheless, it too, like the Amended Complaint, fails to comply with Rule 8.  The Motion is prolix and repetitive.

As for the three pleadings or motions filed on August 13, 2015, it appears that at least two of the filings are Plaintiff's attempt to respond to the Court's Order to Show Cause.  The pleadings, like Plaintiff's other filings, are repetitive and prolix.  Nothing Plaintiff asserts addresses with any specificity why he should not be subject to filing restrictions based on the findings in the July 14, 2015 Order.  This Court finds that because Plaintiff has had at least four previous cases dismissed because he was unable to comply with Fed. R. Civ. P. 8, and in at least one of the cases, *Washington v. Colo. State Univ. Ft. Collins*, 12-cv-01034-LTB (D. Colo. filed Oct. 16, 2012), was warned that future noncompliant pleadings would be subject to sanctions, and now has filed an Amended Complaint and other pleadings or motions in this action that do not comply with Rule 8, sanctions against Plaintiff are proper.

As stated by Magistrate Judge Gallagher in the July 14, 2015 Order to Show Cause,

> "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam).  "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir.

3

2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 351 (10th Cir. 1989)).

If a pro se party signs a pleading in violation of Fed. R. Civ. P. 11(b) a court "may . . . impose an appropriate sanction" upon that party. See Fed. R. Civ. P. 11(c). Rule 11 serves several purposes, including, but not limited to, (1) deterring future litigation abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and facilitating case management. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990) (citing American Bar Association, Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure (1988), reprinted in, 5 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure 212, 235-36 (Supp. 1989)). Deterrence is the primary goal of a sanction. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). In order to comply with Rule 11 and avoid sanctions thereunder, a pro se party's actions must be objectively reasonable. *White*, 908 F.2d at 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions and who generally abuses judicial process. *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353-54. Plaintiff has the right to notice and to oppose, in writing, the imposition of future restrictions. *Id.* at 354.

ECF No. 5 at 4-5.

The July 14, 2015 Order to Show Cause identified the previous cases that

Plaintiff has filed and were dismissed because Plaintiff was unable to comply with Rule

8. The July 14 Order also provided the guidelines for Plaintiff to follow when seeking

permission to file an action in this Court *pro se* and allowed Plaintiff to oppose the

restrictions before they are implemented. Plaintiff's Response to the July 14 Order to

Show Cause, including ECF Nos. 9 and 10, is 112 pages long.  Like Plaintiff's

Complaint, Amended Complaint, and motions submitted in this action, the Response is

prolix and repetitive.  The Court, therefore, will ENJOIN Plaintiff from proceeding as a

plaintiff or applicant in an original proceeding unless he is represented by a licensed

attorney admitted to practice in this Court or unless he first obtains permission to

proceed *pro se*.  To obtain permission to proceed *pro se*, Plaintiff must take the

following steps:

>  1. File a petition with the Clerk of this Court requesting leave to file a pro se action;

>  2. Include in the petition the following information:

>  A.  A list of all lawsuits currently pending or filed previously with this Court or any other federal district court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each proceeding; and

>  B.  A list apprising this Court of all outstanding injunctions or orders limiting Plaintiff's access to federal court, including orders and injunctions requiring him to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

>  C.  A notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal issues.  The affidavit also must certify, to the best of Plaintiff's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the action is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all federal and local rules of this Court.

5

The above described documents shall be submitted to the Clerk of the Court, who shall forward them to the judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR 8.1(a) for review to determine whether to permit a *pro se* proceeding. Without the designated judicial officer's approval the matter will be dismissed.  If the designated judicial officer approves the filing an order shall be entered indicating that the case shall proceed in accordance with the Federal Rules of Civil Procedure, and the Local Rules of Practice of the United States District Court for the District of Colorado.

This Court has the power to impose still further sanctions such as costs, attorney fees, and double costs for the filing of frivolous actions, as well as an outright ban on certain proceedings, whether *pro se* or counseled.  Fed. R. Civ. P. 11.  The Court has not imposed such sanctions here but reserves the right to do so if Plaintiff continues to submit prolix and repetitive pleadings.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that this action is dismissed without prejudice and Plaintiff is enjoined from filing civil actions in this Court for the reasons stated above.  It is

FURTHER ORDERED that if Plaintiff desires to proceed *pro se* in this Court he must comply with the steps identified in this Order.  It is

6

FURTHER ORDERED that Plaintiff is denied leave to proceed *in forma pauperis* on appeal.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  27th  day of   August  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court