IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01470-LTB

LESTER L. WASHINGTON, Bth, MA, M. ED., ABD,

    Plaintiff,

v.

COLORADO STATE UNIVERSITY, Fort Collins (CSUFC),
COLORADO STATE UNIVERSITY BOARD OF GOVERNORS/SYSTEM (CSU BOG),
DR. ANTHONY FRANK, CSU President,
JOSHUA ZUGISH, CSU Administrator,
DR. GEORGE KAMBERELIS, Director of the CSUFC School of Education,
DR. DAN ROBINSON, Past Director of the CSUFC School of Education,
MARLENE STRATHE, Interim Director School of Education, Spring 2014,
DR. LINDA KUK, Professor in the CSUFC SOE,
MS. KELLI CLARK, Director of Graduate Programs Office,
CSU SCHOOL OF EDUCATION GRADUATE PROGRAMS OFFICE (CSU DOE GP),
DR. JODIE HANZLIK, Director of CSU Graduate School,
CSUFC DIVERSITY OFFICE OF EQUAL OPPORTUNITY, CSU DOEO),
MARY ONTIVEROS, CSUFC DOEO Office Director,
DIANA PRIET, Director of HR and OEO,
CSUFC HUMAN RESOURCES DEPARTMENT (CSU HRS),
MS. ROSE KRESTON, Director of Resources for Disabled Students (RDS), and
THE DEPARTMENT OF RESOURCES FOR DISABLED STUDENTS (RDS)

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Lester L. Washington has filed *pro se* a "Motion to Reconsider, Rehear, and Reversal . . . ," ECF No. 14, and a pleading titled, "Amended and Corrected Petition Requesting Leave to File Pro Se Re the Response to Order to Show Cause . . . ," ECF No. 13. It appears that Plaintiff is challenging the August 27, 2015 Order that dismissed this action and imposed filing restrictions against Plaintiff. The Court, therefore, will construe these filings as a request to reconsider the August 27,

2015 Order.

The Court must construe the request liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the request will be construed as a Motion to Reconsider and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Plaintiff's request as a Motion to Reconsider filed pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Motion to Reconsider is nineteen pages long and the Amended and Corrected Petition is forty-three pages long. Like Plaintiff's Complaint and various other pleadings filed in this action, the Motion and Petition are prolix and repetitive, unclear, difficult to decipher, and in part incomprehensible. To the extent the Court can decipher Plaintiff's assertions, it appears for the most part that he is restating the prolix claims he raised in other pleadings in this action. The September 10 filings are another example of Plaintiff's inability to comply with Fed. R. Civ. P. 8 and to proceed *pro se* in litigation in this Court. Plaintiff, therefore, fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving. Accordingly, it is

ORDERED that Plaintiff's September 10, 2015 filings, ECF Nos. 13 and 14, are construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e), and the Motion is denied.

DATED at Denver, Colorado, this 16th day of September, 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court